UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| BUWENEKA S. VITARANA and ROBERT S. JOLLY, | ) )  Civil Action No.: 4:08-cv-1073-TLW-TER |
| Plaintiffs, | ) ) |
| -vs- | ) ) **REPORT AND RECOMMENDATION** |
| CITIMORTGAGE, INC. and ROGERS, TOWNSEND & THOMAS, PC, | ) ) ) |
| Defendants. | ) ) |

## I.  INTRODUCTION

In this case, Plaintiffs, who are proceeding pro se, allege causes of action for violations of the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, the Fair Credit Billing Act, the Truth in Lending Act as well as claims for fraud, libel, slander, injurious falsehood, intentional infliction of emotional distress, and negligent infliction of emotional distress.  Presently pending before the Court are Defendants' Motion to Strike the Complaint (Document # 26) and Defendants' Motion to Dismiss (Document # 29).  Because Plaintiffs are proceeding pro se, they were advised pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to the Motion to Dismiss could result in the Motion being granted, thereby ending the case.  No response was filed.

On December 4, 2008, the undersigned issued an Order (Document # 38), directing Plaintiffs to respond to Defendants' Motions.  Plaintiffs were warned in that order that a failure to respond would result in a recommendation that the case be dismissed for failure to prosecute.  Plaintiffs have not responded.

## II.  RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil

-2-

Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990); Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69,70 (4th Cir. 1978).

In the present case, Plaintiffs are proceeding pro se so they are entirely responsible for their actions. It is solely through Plaintiffs' neglect, and not that of an attorney, that no response has been filed. Plaintiffs have not responded to the Motion to Strike the Complaint or the Motion to Dismiss. The undersigned concludes Plaintiffs have abandoned their claims.  No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Rule 41(b), Fed.R.Civ.P.

**III.   CONCLUSION**

For the reasons stated above, it is recommended that this case be dismissed pursuant to Rule 41(b), Fed.R.Civ.P.[1]

 s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

January 29, 2009  
Florence, South Carolina  
**The parties' attention is directed to the important information in the attached notice.**

---

[1] Dismissal is also appropriate pursuant to Rule 4(m), Fed.R.Civ.P.  The record is void of any proof of service on either Defendant.